UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISAAC TYRONE JACKSON,

        Plaintiff,

v.                                                      Case No. 17-C-1382

LT. CHAVEZ, et al.,

        Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff Isaac Jackson, an inmate currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights by shutting off water to his cell for several days while he was housed at the Racine County Jail, forcing him to drink dirty toilet water that made him ill. The case was recently reassigned to me from Magistrate Judge David Jones based on the nonconsent of a party. This matter now comes before the court on Jackson's second motion for appointment of counsel (ECF No. 31) and his motion to amend the complaint (ECF No. 32). For the reasons stated below, his motion to appoint counsel will be denied without prejudice, and his motion to amend the complaint will be denied.

At the outset, Jackson's motion to appoint counsel is not signed by him, as required by Federal Rule of Civil Procedure 11, and the court could therefore strike it on that basis. In any event, the court would deny the motion on its merits. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). But district courts do have discretion to recruit

attorneys to represent indigent parties in appropriate cases. 28 U.S.C. § 1915(e)(1). Before a district court will recruit counsel, however, litigants must, as a threshold matter, make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654. If the litigant has done so, the court must then address the following question: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

Jackson has submitted with his motion two letters from attorneys declining to represent him in this matter. ECF No. 31-1. Even if the court were to conclude that these reflected a reasonable attempt to secure private counsel on his own, however, the court would conclude that recruitment of counsel is not appropriate at this time. On June 8, 2018, Magistrate Judge Jones entered an order denying without prejudice Jackson's first motion to appoint counsel for the following reasons:

> Based on Mr. Jackson's communications with the Court, the Court believes that he is capable of proceeding without the assistance of counsel at this time. His writing is clear and organized, and the Court understands what he is trying to say. Further, his legal claim is not complex. The crux of his claim is that the defendants refused to give him drinking water for 4 days which forced him to drink toilet water that made him ill. Mr. Jackson's best evidence to establish deliberate indifference is his own testimony describing how the defendants responded when he asked for drinking water. He does not need a medical expert or in-depth investigation of prison records to prevail on this case. To the extent that counsel would be helpful to cross-examine witnesses at trial, the Court will consider appointing counsel if Mr. Jackson survives dispositive motions.

ECF No. 25 at 2. Jackson's motion states that he is now housed in the segregation unit and no longer has access to the inmates who were helping him to litigate this case. ECF No. 31. But Jackson's confinement to segregation does not change the fact that his own testimony will be the cornerstone of his case, which does not require extensive investigation of prison records or other documents. His motion to appoint counsel will therefore once again be denied without prejudice.

2

Turning to Jackson's next motion, although he styles it as one to amend his complaint, in fact he requests an extension of time to conduct discovery. ECF No. 32. He explains that he requires additional time to obtain copies of his medical records from the Health Services Unit at the Racine County Jail and that he has attempted to secure them in person, through complaint forms, by certified mail, and through a family member. *Id.* Currently, however, the discovery deadline established by the court's scheduling order is September 11, 2018, just under three months away. ECF No. 28. Those months give Jackson ample time to obtain his records, so an extension of time is not necessary at this early phase in the case.

**IT IS THEREFORE ORDERED** that Jackson's motion to appoint counsel (ECF No. 31) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Jackson's motion to amend his complaint (ECF No. 32) is **DENIED**.

Dated this   21st   day of June, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court