UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISAAC TYRONE JACKSON,

    Plaintiff,

v.                                              Case No. 17-C-1382

CO KOSTERMAN, CO TAPA,
CO ERVIN, LT. CHAVEZ,
LT. FRIEND, and CO NOBLE,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On October 11, 2017, *pro se* Plaintiff Tyrone Jackson, who is currently serving a state sentence at the Waupun Correctional Institution, filed this action under 42 U.S.C. § 1983, alleging that Defendants Correctional Officer (CO) Kosterman, CO Tapa, CO Ervin, Lieutenant (LT) Chavez, LT Friend, and CO Noble denied him access to running water for three days while he was incarcerated at the Racine County Jail (RCJ), where Defendants were employed, in violation of the Eighth Amendment. Judge Pamela Pepper screened Jackson's complaint on March 5, 2018, and allowed him to proceed on his claim for deliberate indifference against Defendants. ECF No. 11. Currently before the court is Defendants' motion for summary judgment. ECF No. 34. For the reasons that follow, Defendants' motion will be granted and the case will be dismissed.

### BACKGROUND

Because Jackson did not respond to Defendants' proposed findings of fact as outlined in Civil L.R. 56(b)(2)(B)(I), Defendants' Proposed Findings of Fact (DPFOF), ECF No. 35, are deemed admitted for the purposes of summary judgment. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d

918, 922 (7th Cir. 1994) (upholding strict enforcement of local rules and "sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts"); Civil L.R. 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). While Jackson claims that he never received Exhibits A–C of Shawn Barker's Declaration, Defendants certified that they mailed a copy to Jackson. ECF No. 39. Further, Jackson filed no response to the portions of the DPFOF that relied on documents he did not dispute receiving. Finally, Jackson's claim that "none of the facts by the defendant's [sic] are cited," Pl.'s Reply, ECF No. 45 at 1, is without merit—each numbered finding in the DPFOF is supported by a citation.

Jackson was a pretrial detainee housed in cell 3BC02 at the RCJ at the time the disputed events occurred. Around 3:45 p.m. on July 28, 2017, Ervin observed Jackson flooding his cell by constantly flushing his toilet. CO Grienke responded to Ervin's call for assistance and turned the toilet water off in Jackson's cell, leaving his sink water on. Sergeant Bose was notified of the incident and cleaners were called to clean up the water. Ervin prepared a disciplinary report for the incident and Bose prepared an incident report. In his incident report, Bose documented that Jackson's toilet water would remain off for the remainder of the shift and that Ervin was instructed to flush the toilet at least once during his shift. Jackson's toilet water was scheduled to be turned back on during third shift, contingent on Jackson's behavior. At approximately 6:58 p.m., Jackson's toilet water was turned back on to allow him to flush his toilet and then turned back off. CO Watson turned Jackson's toilet water back on at 6:20 a.m. the following morning.

2

Around 9:00 p.m. on July 29, 2017, four inmates in cells on 3B, including Jackson, complained to CO Robinson that their cold sink water was not working, though the hot water worked. Robinson turned the cold water back on for two of the cells, and one inmate informed Robinson that he was "messing around" and that his cold water in fact worked. When Robinson attempted to talk to Jackson to address the cold water situation, Jackson refused to answer him.

During second shift on July 30, 2017, Jackson filed a complaint with the RCJ staff, stating that both his sink and toilet water were turned off after he flooded his cell and that his cold sink water was still not working. RCJ staff responded later day, stating "toilet & sink (both hot & cold water) fully functional upon checking." DPFOF, ECF No. 35 at ¶ 12.

During third shift on July 30, 2017, Jackson filed another complaint with the RCJ staff, stating that the cold water in his sink was turned off. RCJ staff responded later that day, stating "both toilet & sink (hot & cold) water fully functional upon checking. Water comes out of hot & cold valves normal. Toilet also fully functional." *Id.* at ¶ 13.

At 1:00 a.m. on July 31, 2017, Jackson wrote a complaint bars about his sink water being turned off, stating that no RCJ staff offered him water and that he was dehydrated. CO Johnsen contacted housing and personally checked the sink and found the water was not turned off and appeared to be fully functional. Johnsen checked the toilet and it was fully functional as well.

Later that day, Jackson put in another request at 10:30 a.m., stating that the water for his sink and toilet was currently off. CO Yousif noted that third shift had already checked the water in Jackson's cell and found it be running and forwarded Jackson's complaint along to Chavez.

3

**LEGAL STANDARD**

Summary judgment is appropriate when the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

**A.     Defendants Friend, Kosterman, Tapa, and Noble**

Defendants argue that Friend, Kosterman, Tapa, and Noble should be dismissed because there is no evidence that they were directly involved in or that they had any knowledge of Jackson's alleged water issues. "For a defendant to be liable under § 1983, he or she must have participated directly in the constitutional violation." *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Since Jackson is in agreement with Defendants, ECF No. 44 at 3, Defendants Friend, Kostermann, Tapa, and Noble are dismissed.

**B.	Defendants Ervin and Chavez**

Conditions of confinement claims proceed through a two-step inquiry. The first inquiry is objective and requires a showing that the conditions deny an inmate "the minimal civilized measure of life's necessities," creating an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Although "[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell," *Jelinek v. Roth*, No. 93-3316, 1994 WL 447266, at *1 (7th Cir. 1994) (unpublished), "an inmate has a basic right to adequate drinking water." *Davis v. Biller*, No. 00-CV-50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov. 18, 2003). Only if the first element is satisfied do courts consider the second element—whether prison officials were deliberately indifferent to the adverse condition.

Simply put, there is no evidence that Jackson was completely denied access to water. Rather, only his toilet water was temporarily turned off. At no time was Jackson's sink water found to be turned off, and each time officers inspected Jackson's sink and toilet in response to his complaints after his toilet water had been turned back on water was found to be flowing to both without issue. Although Jackson stated in his complaint that he was dehydrated, and reduced to drinking toilet water as a result, there is no evidence in the record that Jackson did not have access to water from his sink at all times during the alleged events. Further, no requests for medical attention related to Jackson's alleged dehydration were made from July 28 to July 30, 2017. Because there is no evidence that Defendants deprived Jackson of "the minimal civilized measure of life's necessities," there is no need to proceed to the second element of the analysis, and summary judgment in favor of Defendants is warranted.

5

## CONCLUSION

For the foregoing reasons, Defendants motion for summary judgment (ECF No. 34) is **GRANTED**.  The Clerk is directed to enter judgment dismissing the case with prejudice.

**SO ORDERED** this  26th  day of December, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court